CINCINNATI BAR ASSOCIATION *v.* GEBHART.

[Cite as Cincinnati Bar Assn. v. Gebhart (1982), 69 Ohio St. 2d 287.]

(D.D. No. 81-28—Decided February 19, 1982.)

288

*Ms. Ann Tarbutton, Mr. James J. Condit, Mr. Edward A. Hogan* and *Mr. Theodore W. Weinkam,* for relator.
*Mr. Milo Beran,* for respondent.

*Per Curiam.* The respondent is charged with, and the evidence shows, seeking the disbarment of opposing counsel in litigation by way of pleadings, and making statements to

the court that the Cincinnati Bar Association had advised him that the allegations were valid. There are appropriate methods and means by which claims of unprofessional conduct may be heard and proper sanctions, including disbarment, may be meted out. Such, of course, is the instant proceeding. It is inappropriate to make such allegations within a pleading in pending civil proceedings in the Court of Common Pleas.

Further, making false representations or statements of fact to a court, as in the proceeding in which respondent was involved, is a serious infraction of our Rules of Professional Conduct, and reflect adversely on the attorney's fitness to practice law. Also reflecting adversely upon an attorney's fitness to practice law is the expressed attitude and demeanor which he evidences to other counsel. As stated in *Columbus Bar Assn.* v. *Riebel* (1982), 69 Ohio St. 2d 290, and equally applicable here:

"It is within the real meaning and intent of our Code of Professional Responsibility that lawyers should always be cognizant of the necessity for good manners, courtesy and discourse, both to client and other practitioners, as being part of our professional ethics."

After a review of the record, we concur in the recommendation of the board, and publicly reprimand respondent, David Edward Gebhart, for such acts.

*Judgment accordingly.*

W. BROWN, ACTING C. J., REILLY, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C. J.