Columbus Bar Assn. *v.* Riebel.

[Cite as Columbus Bar Assn. v. Riebel (1982),
69 Ohio St. 2d 290.]

(D.D. No. 81-26—Decided February 19, 1982.)

*Mr. Keith McNamara* and *Mr. Stanley D. Ross,* for relator.

*Thomas M. Tyack & Assoc., L.P.A., Mr. Thomas M. Tyack,* and *Mr. Daniel K. Boda,* for respondent.

*Per Curiam.* The section of the Code of Professional Responsibility which respondent is charged with violating is DR 1-102(A), which states, in part, "A lawyer shall not * * * (6) [e]ngage in any other conduct that adversely reflects on his fitness to practice law."

The conduct involved here is not that of improper representation of a client, nor a claimed infraction of rules of proper conduct in a courtroom; nor is there present here a claimed disrespect for a judge or other court officials. The charges here involve verbal and written statements to an adverse party to a divorce proceeding, which party was a long-time friend of respondent; and involved certain specific commentary stamped, or written, on correspondence to other attorneys involved in pending litigation.

Although the board, and now this court, is dealing only with certain language uttered and transmitted by the respondent, rather than misconduct of counsel to client or court, these acts must be reviewed as to whether they reflect upon the user's fitness to practice law.

As stated in Cheatham, Cases and Materials on the Legal Profession, at page 32:

"Law, like medicine, teaching, and the ministry, is generally referred to as a profession, to set it apart from business and the ordinary run of callings. Professional activities are regarded in the community as carrying special prestige, privileges, and responsibilities, and from the status of the law as a profession conclusions are frequently drawn as

to the conduct appropriate for lawyers. * * * [S]ome methods which are unobjectionable in a trade or business may still be open to criticism in an attorney because they detract from the objects for which his profession exists."

It is within the real meaning and intent of our Code of Professional Responsibility that lawyers should always be cognizant of the necessity for good manners, courtesy and discourse, both to client and other practitioners, as being part of our professional ethics.

The zeal employed by an attorney in guarding the interests of his clients must always be tempered so as not to inject his personal feelings or display a demeanor that subjects parties to a proceeding or opposing counsel to certain indignities.

We are in agreement with the conclusions of the board that since respondent appears to have adopted a volatile style of script and expression which manifests itself more than occasionally, the respondent has violated DR 1-102(A)(6) of the Code of Professional Responsibility.

We concur in the recommendation of the board, and therefore publicly reprimand respondent, David Riebel, for such acts.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.