BAR ASSOCIATION OF GREATER CLEVELAND *v.* MILANO.

[Cite as Bar Assn. of Greater Cleveland *v.* Milano (1984), 9 Ohio St. 3d 86.]

(D.D. No. 83-37—Decided January 25, 1984.)

*Mr. Bernard J. Stuplinski, Mr. Robert D. Archibald* and *Mr. Thomas D. McDonald,* for relator.

*Mr. Stewart I. Mandel* and *Mr. Jerome F. Weiss,* for respondent.

*Per Curiam.* Respondent argues that these remarks were made over the course of a bitterly disputed murder trial in which respondent was convinced of his client's innocence and merely zealously representing his client. We cannot accept respondent's argument. As it is stated in EC 7-36 of the Code of Professional Responsibility:

"Judicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of proceedings. While maintaining his independence, a lawyer should be respectful, courteous, and aboveboard in his relationship with a judge or hearing officer before whom he appears. * * *"

In contrast to the above standard, the statement which respondent placed on the record in the *Morales* case was disrespectful, discourteous, and a serious breach of courtroom decorum.[2] We concur with the board that respondent did violate DR 7-106(C). There is no doubt that the zealous representation of a client is possible while maintaining and preserving the dignity of the courtroom and remaining courteous to the tribunal.

In *Bar Assn.* v. *Carlin* (1981), 67 Ohio St. 2d 311 [21 O.O.3d 195], this court imposed a one-year suspension for violation of DR 7-106(C)(6) after the board had recommended a public reprimand. In *Carlin, supra,* we quoted the following passage from *State* v. *Wilson* (1972), 30 Ohio St. 2d 312, 314-315 [59 O.O. 2d 379]:

" '* * * No amount of provocation on the part of the judge can be permitted to excuse counsel from the obligation of his oath of office ("I will maintain the respect due to courts of justice and judicial officers"); to excuse him from his duties imposed by the Code of Professional Responsibility; or to condone the acts of counsel if in fact they are themselves contemptuous.' " *Id.* at 313.

Thus, the focus of this inquiry is whether *respondent's* actions, standing alone, warrant disciplinary action. It is of no consequence that the trial court may have committed legal errors which, in respondent's view, caused his

---

[2] Respondent testified before the panel that:

"There is no place in any justice system for a lawyer to say in a courtroom 'Fuck the system.' There is no place for it. I never had occasion to do it. I can't excuse it. I can only try to explain what happened, why it happened."

client to be found guilty. Respondent has practiced law for over a quarter of a century and should be well aware of the avenues available to review the conduct of the trial judge. The actions of respondent are inexcusable and will not be tolerated by this court. Notwithstanding the board's recommendation, it is our judgment that respondent be suspended from the practice of law for a period of one year pursuant to Gov. Bar R. V(6)(C).

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.