MAHONING COUNTY BAR ASSOCIATION *v.* CREGAN.

[Cite as *Mahoning Cty. Bar Assn. v. Cregan* (1992), 62 Ohio St.3d 444.]

(No. 91-1745—Submitted December 11, 1991—Decided February 5, 1992.)

*Roth, Stephens, Blair, Roberts & Co., L.P.A.,* and *Richard B. Blair; Comstock, Springer & Wilson* and *David Comstock, Jr.,* for relator.

*Charles W. Kettlewell* and *Mark H. Aultman,* for respondent.

TYACK, J. The record demonstrates that, at times, respondent is completely out of control, apparently secondary to his often-diagnosed condition of

bipolar affective disorder (commonly known as "manic-depressive" illness). His condition has been further complicated by a series of strokes, leaving respondent with the apparent inability to realize the full seriousness of his problems and to treat the problems with a consistent regimen of medication. As a result, the record clearly shows that respondent is not able to practice law at this time.

While this matter could have been handled via a mental illness suspension under Gov.Bar R. V(12)(b), the seriousness of respondent's misconduct warrants disciplinary action as pursued here. We agree that respondent is guilty of violating DR 1–102(A)(5) as found by the board.

However, given our earlier rulings in *Bar Assn. of Greater Cleveland v. Milano* (1984), 9 Ohio St.3d 86, 9 OBR 315, 459 N.E.2d 496, and *Columbus Bar Assn. v. Riebel* (1982), 69 Ohio St.2d 290, 23 O.O.3d 279, 432 N.E.2d 165, we believe that an indefinite suspension from the practice of law is inappropriate. Instead, we order a one-year suspension from the practice of law, but we will not consider respondent's reinstatement to the practice of law in Ohio except upon the following conditions:

1. Respondent must show that he has undertaken a substantial program of therapy under the supervision of a psychiatrist;

2. Respondent must not terminate his participation in such a program until he has demonstrated to the satisfaction of this court that he is no longer in need of such therapy;

3. Respondent must demonstrate an ability and a willingness to take and continue taking such medications as are deemed appropriate by his treating psychiatrist; and,

4. Respondent must serve an additional one-year period of probation commencing with the date of his reinstatement, during which year his compliance with the above conditions and with the Disciplinary Rules in general will be closely monitored as provided in Gov.Bar R. V(23).

Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of one year, with reinstatement subject to the above conditions. Costs taxed to respondent.

*Judgment accordingly.*

SWEENEY, Acting C.J., HOLMES, DOUGLAS, YOUNG, H. BROWN and RESNICK, JJ., concur.

G. GARY TYACK, J., of the Tenth Appellate District, sitting for MOYER, C.J.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for WRIGHT, J.