OFFICE OF DISCIPLINARY COUNSEL *v.* DONNELL.

[Cite as *Disciplinary Counsel v. Donnell* (1997), 79 Ohio St.3d 501.]

(No. 96–2810—Submitted May 20, 1997—Decided October 1, 1997.)

502

*J. Warren Bettis,* Interim Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*Walton H. Donnell, pro se.*

*Per Curiam.* We adopt the findings and conclusions of the board, and hold that by his conduct in the various hearings, respondent violated DR 7–104(A)(1)

and 7–106(C)(2), (3), (6), and (7). We do not find that respondent acted incompetently or that his actions were merely for harassment purposes. However, we do find that respondent's actions exceeded the bounds of zealous advocacy. As the board aptly noted, "This case is yet another textbook example of why an attorney should not represent himself."

In *Bar Assn. of Greater Cleveland v. Milano* (1984), 9 Ohio St.3d 86, 88, 9 OBR 315, 317, 459 N.E.2d 496, 498, we quoted from EC 7–36: " 'Judicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of proceedings.' " Even in a situation where an attorney represents himself he must follow the Code of Professional Responsibility and show proper respect for the court.

We hereby suspend respondent from the practice of law for six months. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, ACTING C.J., SHAW, TYACK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

STEPHEN R. SHAW, J., of the Third Appellate District, sitting for MOYER, C.J.

G. GARY TYACK, J., of the Tenth Appellate District, sitting for RESNICK, J.