OFFICE OF DISCIPLINARY COUNSEL *v.* JACKSON.

[Cite as *Disciplinary Counsel v. Jackson* (1999), 84 Ohio St.3d 386.]

(No. 98–781—Submitted July 15, 1998—Decided January 13, 1999.)

*Jonathan E. Coughlan*, Disciplinary Counsel, *Lori J. Brown* and *Kevin L. Williams*, Assistant Disciplinary Counsel, for relator.

*Michael P. Jackson, pro se.*

---

**Per Curiam.** We adopt the findings and conclusions of the board but not the recommended sanction. As we noted in *Toledo Bar Assn. v. Bell* (1997), 78 Ohio St.3d 88, 91, 676 N.E.2d 527, 529, "Our Ethical Considerations, specifically EC 1-5, which encourage lawyers to maintain high standards of professional conduct, do not countenance the use of epithets and racial slurs." We said in *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 192, 677 N.E.2d 349, 352, that "an attorney has a duty to be civil to opposing counsel and the court." In *Columbus Bar Assn. v. Riebel* (1982), 69 Ohio St.2d 290, 292, 23 O.O.3d 279, 280, 432 N.E.2d 165, 166–167, where an attorney used offensive and abusive language against opposing counsel and his client, we issued a public reprimand, saying:

"It is within the real meaning and intent of our Code of Professional Responsibility that lawyers should always be cognizant of the necessity for good manners, courtesy and discourse, both to client and other practitioners, as being part of our professional ethics.

"The zeal employed by an attorney in guarding the interests of his clients must always be tempered so as not to inject his personal feelings or display a

388

demeanor that subjects parties to a proceeding or opposing counsel to certain indignities."

Our review of the record in this case suggests that respondent's conduct might have been a reaction to aggressive behavior by opposing counsel. Nevertheless, respondent was not justified in failing to maintain his composure. Part of the role of an attorney is to remove himself from the emotions of the moment and provide objective counsel and representation to clients. To perform that role, attorneys must hold themselves to the highest standards of professionalism. The facts in this case indicate that respondent should receive a public reprimand, and it is so ordered. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., would suspend respondent from the practice of law for six months, stayed.