BUTLER COUNTY BAR ASSOCIATION *v*. FOSTER.

[Cite as *Butler Cty. Bar Assn. v. Foster,*
99 Ohio St.3d 491, 2003-Ohio-4130.]

(No. 2003–0726—Submitted June 4, 2003—Decided August 20, 2003.)

---

**Per Curiam.**

{¶ 1} Respondent, Mark S. Foster of Dayton, Ohio, Attorney Registration No. 0001884, was admitted to the Ohio bar in November 1980. On October 7, 2002, relator, Butler County Bar Association, charged respondent with several violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' agreed stipulations and respondent's statement of mitigation.

{¶ 2} The stipulations established that during antagonistic collection proceedings, respondent directed certain unprofessional e-mails and other correspon-

dence to the older brother of a pro se litigant. In an August 21, 2000 transmission, respondent threatened: "Your dear little brother only serves to make my life more miserable. In turn, I will make his as miserable as possible." In a July 11, 2001 letter, he asked whether the brother's family had "been * * * seriously inbreed [sic] in the last few generations" and observed that the family's "gene pool [was] in serious need of a filter, at best, or has been reduced to a gene pond." On July 13, 2001, respondent described the brother in a letter as an "anencephalic cretin" with a "single operating brain cell" whose "brain-dead ravings" and "anal rantings" were characteristic of the "lunatic fringe." Respondent also enjoined the brother: "Next time you get your panties all in a wad, please copulate independently."

{¶ 3} The parties stipulated and the panel found that this conduct, among some of respondent's other vilifications, violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice), 1–102(A)(6) (conduct that adversely reflects on an attorney's fitness to practice law), 7–101(A)(1) (failure to seek client's lawful objectives through reasonably available permissible means), and 7–102(A)(1) (legal action taken to harass or maliciously injure another).

{¶ 4} In recommending a sanction, the panel considered letters from the judiciary assuring that respondent ordinarily practiced in a professional and competent manner and that this episode was an isolated instance. The panel also considered that respondent had no prior disciplinary record and was willing to accept the consequences of his actions. However, the panel also expressed concern over respondent's lack of remorse and appreciation for the fact that he is bound by rules of civility and professionalism that the laity is not.

{¶ 5} The panel thus rejected the parties' suggestion that respondent receive a public reprimand and recommended that he be suspended from the practice of law for six months, with the entire period stayed. The board adopted the panel's findings of misconduct and its recommendation.

{¶ 6} We agree that respondent violated DR 1–102(A)(5), 1–102(A)(6), 7–101(A)(1), and 7–102(A)(1). In *Columbus Bar Assn. v. Riebel* (1982), 69 Ohio St.2d 290, 292, 23 O.O.3d 279, 432 N.E.2d 165, where an attorney used offensive and abusive language against opposing counsel and his client, we said:

{¶ 7} "It is within the real meaning and intent of our Code of Professional Responsibility that lawyers should always be cognizant of the necessity for good manners, courtesy and discourse, both to client and other practitioners, as being part of our professional ethics.

{¶ 8} "The zeal employed by an attorney in guarding the interests of his clients must always be tempered so as not to inject his personal feelings or display a demeanor that subjects parties to a proceeding or opposing counsel to certain indignities."

{¶ 9} Respondent's conduct might have been a reaction to aggressive behavior; as a lawyer, however, he is not permitted to respond in kind. "Part of the role of an attorney is to remove himself from the emotions of the moment and provide objective counsel and representation to clients. To perform that role, attorneys must hold themselves to the highest standards of professionalism." *Disciplinary Counsel v. Jackson* (1999), 84 Ohio St.3d 386, 388, 704 N.E.2d 246.

{¶ 10} In *Riebel* and *Jackson*, we issued the offending attorneys public reprimands. Here, however, because respondent's conduct displays a pattern of escalating abusive language, we consider the recommended six-month stayed sanction appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, but this sanction is stayed provided that he does not commit any other professional misconduct during the suspension period. If respondent violates this condition, the stay will be lifted and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Gregory K. Pratt, for relator.

Mark S. Foster, pro se.