[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 295.]

OFFICE OF DISCIPLINARY COUNSEL *v*. VAZQUEZ.

[Cite as *Disciplinary Counsel v. Vazquez*, 1997-Ohio-300.]

*Attorneys at law—Misconduct—Eighteen-month suspension with six months of the sanction stayed with a one-year period of probation on conditions— Engaging in conduct prejudicial to the administration of justice— Engaging in conduct that adversely reflects on fitness to practice law— Neglect of an entrusted legal matter—Failing to preserve the identifying of funds of a client--Failure to assist in disciplinary investigation—Failing to timely file attorney registration fees with Clerk of the Supreme Court of Ohio for five of the preceding six biennia.*

(No. 96-2375—Submitted January 8, 1997—Decided April 23, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-32.

_____

{¶ 1} In April 15, 1996, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Tony A. Vazquez of Cleveland, Ohio, Attorney Registration No. 0024016, in three counts, with violations of various Disciplinary Rules. In count one, relator alleged that in November 1994, Janice Rivera paid respondent $405 of an agreed $500 retainer to represent her son in the filing of a motion for shock probation. Respondent failed to file the motion, to return Rivera's telephone calls, or keep her advised on another legal matter. After Rivera filed a grievance with relator, relator attempted to contact respondent at least a half dozen times before respondent would speak with relator. When relator subpoenaed and deposed respondent, he admitted that he had put the Rivera retainer in his general account and not in a trust account. Relator charged that respondent's actions violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of

justice), 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law), 6-101(A)(3) (neglect of a legal matter entrusted to him), 9-102(A) (preserving the identity of funds of a client), and Gov.Bar R. V(4)(G) (failure to assist in a disciplinary investigation).

{¶ 2} In count two of its complaint relator alleged that respondent failed to cooperate when relator attempted to investigate a grievance filed by respondent's client, Jose Sanchez, who claimed that respondent failed to protect his interests by forcing him to accept a plea bargain and misleading him. Relator charged that this action of respondent violated Gov.Bar R. V(4)(G).

{¶ 3} Relator alleged in count three that respondent failed to timely file his attorney registration fees with the Clerk of the Supreme Court of Ohio for five of the preceding six biennia and therefore was in violation of Gov.Bar R. VI (failing to file with the Clerk of the Supreme Court).

{¶ 4} Respondent failed to answer the complaint and on September 10, 1996, relator filed a motion for default judgment. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found the facts as alleged and concluded that the respondent had violated the Disciplinary Rules and Rules for the Government of the Bar as charged. Taking into account that a fire had destroyed respondent's residence in 1995 and that respondent had been diagnosed with clinical depression, had been hospitalized, and was currently under the care of a psychiatrist, the panel recommended that respondent be suspended from the practice of law for one year and that six months of the suspension be stayed and a period of probation for one year be imposed pursuant to the following conditions: (a) respondent must make restitution of $405 to Rivera, and (b) within ninety days of this order respondent must provide Disciplinary Counsel with a report of findings, diagnosis, treatment, and prognosis from his treating psychiatrist.

**{¶ 5}** The board adopted the findings and conclusions of the panel, but recommended that respondent be suspended from the practice of law for eighteen months. Further, the board recommended that six months of the suspension be stayed and a period of probation for one year be imposed pursuant to the following conditions: (a) respondent must make restitution of $405 to Rivera; (b) within ninety days of this order respondent must provide Disciplinary Counsel with a report of findings, diagnosis, treatment, and prognosis from his treating psychiatrist, and (c) at the end of nine months, a current report must be obtained from a psychiatrist or psychologist selected by Disciplinary Counsel. The board further recommended that the cost of these proceedings be taxed to respondent.

————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

————————————

***Per Curiam.***

**{¶ 6}** The court adopts the findings, conclusions, and recommendations of the board on the conditions stated. It is therefore ordered that respondent be suspended from the practice of law fow eighteen months and that six months of the suspension be stayed, with a period of probation for one year pursuant to the following conditions: (a) respondent must make restitution of $405 to Rivera; (b) within ninety days of this order respondent must provide Disciplinary Counsel with a report of findings, diagnosis, treatment, and prognosis from his treating psychiatrist, and (c) at the end of nine months, respondent must obtain a current report from a psychiatrist or psychologist selected by Disciplinary Counsel and provide Disciplinary Counsel with the report. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.