[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 217.]

CLEVELAND BAR ASSOCIATION *v.* PERRY.

[Cite as *Cleveland Bar Assn. v. Perry*, 1999-Ohio-32.]

*Attorneys at law—Misconduct—Eighteen-month suspension with one year stayed with probation—Engaging in conduct adversely reflecting on fitness to practice law—Failing to cooperate in a disciplinary investigation.*

(No. 99-1163—Submitted August 25, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-37.

———————————

{¶ 1} In August 1995, Doris Jones retained respondent, Kirk L. Perry of Cleveland, Ohio, Attorney Registration No. 0059854, to represent her as a successor attorney in a medical malpractice case her previous attorney had filed in the Cuyahoga County Court of Common Pleas. On behalf of Jones, respondent voluntarily dismissed the case without prejudice but did not refile it before the statute of limitations expired. Respondent believed that because Jones had failed to advance certain costs, he was not obligated to refile the medical malpractice case. But he did not advise Jones that he would not refile her case.

{¶ 2} Jones subsequently discharged respondent and requested that he return her file, but respondent was unable to return Jones's file because the file had been inadvertently thrown out. During the period of respondent's representation of Jones, he did not have legal malpractice insurance, and he also did not have a trust account for client funds.

{¶ 3} Jones filed a grievance with relator, Cleveland Bar Association, and respondent failed to respond to relator's investigative inquiries.

{¶ 4} On June 8, 1998, relator filed a complaint charging respondent with violating several Disciplinary Rules and a Rule for the Government of the Bar. The

matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 5} The panel found the facts as previously set forth and concluded that respondent's conduct violated DR 1-102(A)(6) (engaging in conduct adversely reflecting upon a lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 6} In mitigation, the panel found that at the time of the charged violations in this case, respondent's mother died, which forced him to become the guardian of three young children and consumed much of his time.

{¶ 7} The panel also noted that respondent "seemed contrite; appeared to recognize the implications of his conduct; and acknowledged that this conduct was detrimental to the profession." In addition, respondent testified that he is now in semi-retirement from the practice of law and is in the process of concluding his representation of his few remaining long-term clients.

{¶ 8} The panel recommended that respondent be suspended from the practice of law in Ohio for eighteen months, with one year stayed, and that respondent be placed on probation, provided that during the probation, respondent be monitored by an attorney appointed by relator pursuant to Gov.Bar R. V(9), establish an appropriate IOLTA, and maintain professional liability insurance in such reasonable amounts as may be determined to be appropriate under the circumstances. The board adopted the findings, conclusions, and recommendation, additionally specifying that the professional liability insurance that respondent be required to maintain be in the minimum amount of $100,000 per occurrence and $300,000 in the aggregate.

---

*Reminger & Reminger Co., L.P.A.*, *David Ross* and *John P. O'Neil*, for relator.

*Kirk L. Perry, pro se.*

———————————

*Per Curiam.*

{¶ 9} We adopt the findings, conclusions, and recommendation of the board. A suspension from the practice of law with a portion of the suspension stayed is an appropriate sanction for respondent's violations of DR 1-102(A)(6) and Gov.Bar R. V(4)(G). See, *e.g., Disciplinary Counsel v. Fortado* (1996), 74 Ohio St.3d 604, 660 N.E.2d 1154; see, also, *Disciplinary Counsel v. Gosling* (1997), 79 Ohio St.3d 113, 679 N.E.2d 1096; *Disciplinary Counsel v. Vazquez* (1997), 78 Ohio St.3d 295, 677 N.E.2d 804. Respondent is hereby suspended from the practice of law in Ohio for eighteen months, with one year stayed and respondent placed on probation. During the one-year probationary period, relator shall appoint a monitoring attorney pursuant to Gov.Bar R. V(9), and respondent shall establish a trust account for client funds and maintain professional liability insurance in the minimum amount of $100,000 per occurrence and $300,000 in the aggregate. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————