CLEVELAND BAR ASSOCIATION v. DROE.

[Cite as *Cleveland Bar Assn. v. Droe* (1996), 77 Ohio St.3d 89.]

(No. 96–1466—Submitted September 10, 1996—Decided November 13, 1996.)

*Robert S. Belovich,* *K. Ann Zimmerman* and *Timothy J. Fitzgerald,* for relator.

*William G. Droe, pro se.*

---

*Per Curiam.* We adopt the findings, conclusions, and recommendation of the board. Our Ethical Considerations require that having undertaken representation, a lawyer should use proper care to safeguard the interests of his clients. Respondent not only failed to use proper care on behalf of his clients, but deceived them into believing that he was attending to their interests. We have repeatedly pointed out to the lawyers of Ohio that if an attorney expects to remain on the rolls of those permitted to practice in this state, he must demonstrate respect for his clients. See *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 373, 667 N.E.2d 1186, 1189.

When we imposed a six-month suspension in *Lake Cty. Bar Assn. v. Speros* (1995), 73 Ohio St.3d 101, 104, 652 N.E.2d 681, 683, for actions similar to those committed by respondent, we said that "[d]ishonesty toward a client whose interests are the attorney's duty to protect is reprehensible." We also found a six-month suspension was warranted on facts much like those in this case in *Lorain Cty. Bar Assn. v. Motsch* (1993), 66 Ohio St.3d 56, 607 N.E.2d 1069 (suspension stayed upon conditions), and in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237. We hereby suspend respondent from the practice of law in Ohio for one year, with the suspension stayed for the second six months of the year. Costs taxed to the respondent.

*Judgment accordingly.*

DOUGLAS, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

MOYER, C.J., RESNICK and COOK, JJ., dissent.

MOYER, C.J., dissenting. I would not stay any portion of the one-year suspension.

RESNICK and COOK, JJ., concur in the foregoing dissenting opinion.