**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 89.]**

CLEVELAND BAR ASSOCIATION *v*. DROE.

[Cite as *Cleveland Bar Assn. v. Droe*, 1996-Ohio-339.]

*Attorneys at law—Misconduct—One-year suspension with sanction stayed for the second six months—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Neglecting an entrusted legal matter.*

(No. 96-1466—Submitted September 10, 1996—Decided November 13, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-73.

———————————

{¶ 1} On July 28, 1995, the Cleveland Bar Association ("relator") filed a complaint charging William G. Droe of Cleveland, Ohio, Attorney Registration No. 0040993 ("respondent"), with violating DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 6-101(A)(3) (neglecting a legal matter entrusted to him) in each of two counts, and with violating these and two other Disciplinary Rules in a third count later withdrawn by relator.

{¶ 2} Respondent filed an answer, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on February 23, 1996.

{¶ 3} With respect to count one, respondent stipulated that Pamela Hunt Bobbitt hired him in April 1984 to pursue an action against the owner of a pit bull who had repeatedly bitten her daughter. Respondent told Bobbitt he would file a personal injury claim against the owner of the dog, but never filed such an action. Respondent further stipulated to violations of DR 1-102(A)(4) and 6-101(A)(3) as to this count.

{¶ 4} With respect to the second count, the record reflects that in September 1990, respondent agreed to file an action for Robert A. Carter, Sr. against a credit

reporting agency. Respondent prepared a complaint to be filed in federal court on Carter's behalf and gave a copy to Carter. However, respondent never filed the complaint, but led Carter to believe that it had been filed and that the federal court was responsible for delays in the resolution of the lawsuit. Respondent stipulated to a violation of DR 1-102(A)(4) as to this count.

{¶ 5} The panel found that respondent had violated the two Disciplinary Rules in each of the Bobbitt and Carter matters and recommended that respondent be suspended from the practice of law for one year, with six months of the suspension stayed. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

_____

*Robert S. Belovich*, *K. Ann Zimmerman* and *Timothy J. Fitzgerald,* for relator.

*William G. Droe*, *pro se.*

_____

***Per Curiam.***

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. Our Ethical Considerations require that having undertaken representation, a lawyer should use proper care to safeguard the interests of his clients. Respondent not only failed to use proper care on behalf of his clients, but deceived them into believing that he was attending to their interests. We have repeatedly pointed out to the lawyers of Ohio that if an attorney expects to remain on the rolls of those permitted to practice in this state, he must demonstrate respect for his clients. See *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 373, 667 N.E.2d 1186, 1189.

{¶ 7} When we imposed a six-month suspension in *Lake Cty. Bar Assn. v. Speros* (1995), 73 Ohio St.3d 101, 104, 652 N.E.2d 681, 683, for actions similar to those committed by respondent, we said that "[d]ishonesty toward a client whose

interests are the attorney's duty to protect is reprehensible." We also found a six-month suspension was warranted on facts much like those in this case in *Lorain Cty. Bar Assn. v. Motsch* (1993), 66 Ohio St.3d 56, 607 N.E.2d 1069 (suspension stayed upon conditions), and in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237. We hereby suspend respondent from the practice of law in Ohio for one year, with the suspension stayed for the second six months of the year. Costs taxed to the respondent.

*Judgment accordingly*.

DOUGLAS, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

MOYER, C.J., RESNICK and COOK, JJ., dissent.

───────────────

**MOYER, C.J., dissenting.**

{¶ 8} I would not stay any portion of the one-year suspension.

RESNICK and COOK, JJ., concur in the foregoing dissenting opinion.

───────────────