CLEVELAND BAR ASSOCIATION *v.* REA.

[Cite as *Cleveland Bar Assn. v. Rea* (1997), 78 Ohio St.3d 71.]

(No. 96–1433—Submitted January 7, 1997—Decided March 26, 1997.)

*Robert Marcis* and *James S. Aussem,* for relator.

---

*Per Curiam.* In all six of the counts in this case, respondent neglected legal matters entrusted to her. In four of the counts, respondent obtained retainers which she did not earn or return. With respect to two counts, respondent lied to her clients.

In *Disciplinary Counsel v. Palmer* (1994), 71 Ohio St.3d 174, 642 N.E.2d 1087, when an attorney lied to clients and neglected their interests, we ordered an indefinite suspension. We also found an indefinite suspension appropriate in *Disciplinary Counsel v. Chavers* (1990), 55 Ohio St.3d 18, 562 N.E.2d 1386, where an attorney accepted numerous retainers, failed to perform the work requested, failed to return the unearned fees, and failed to cooperate in the disciplinary investigation. In both *Palmer* and *Chavers* the respondents failed to answer the complaints against them and our sanction was based on relators' motions for default judgment.

Here respondent has failed to answer and relator has moved for a default judgment. Here also, given the facts as alleged and undisputed, we find the appropriate sanction to be indefinite suspension from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

COOK, J., dissents.

COOK, J., dissenting. The pattern of dishonesty reflected in the six counts against respondent, her failure to respond to relator's charges, and her presentation before this court persuade me that the appropriate sanction is disbarment.

LUNDBERG STRATTON, J., dissenting. The evidence does not clearly establish that respondent received adequate notice of all the stages of the proceedings, particularly in light of her hospitalization and illnesses. I would remand and give the respondent an opportunity to appear and respond. Therefore, I respectfully dissent from the majority's opinion.

PFEIFER, J., concurs in the foregoing dissenting opinion.