**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 71.]**

CLEVELAND BAR ASSOCIATION *v*. REA.

[Cite as *Cleveland Bar Assn. v. Rea*, 1997-Ohio-235.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglecting an entrusted*
  *legal matter—Engaging in conduct involving dishonesty, fraud, deceit, or*
  *misrepresentation—Failing to turn over funds, security, or other property*
  *in attorney's possession that client is entitled to receive.*

(No. 96-1433—Submitted January 7, 1997—Decided March 26, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 94-73.

_____

{¶ 1} On October 17, 1994, relator, Cleveland Bar Association, filed a complaint charging respondent, Rebecca A. Rea of Cleveland, Ohio, Attorney Registration No. 0037283, in six counts with violating several Disciplinary Rules. After attempts to serve respondent at three different addresses failed, relator made service on the Clerk of the Supreme Court in conformity with Gov.Bar R. V(11)(B). Prior to the filing of the complaint, respondent indicated that she would respond to relator's inquiries, but she did not respond and did not file an answer to the complaint. On May 8, 1995, relator filed a motion for a default judgment.

{¶ 2} Based upon the undisputed allegations of relator's complaint, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that on March 31, 1993, Clark Patterson paid respondent a retainer of $2,000 to represent his grandson, Stephen Hill, in a criminal case which was scheduled for final pretrial on May 21, 1993, and trial three days later. Respondent falsely told Patterson that she had notified prior counsel, entered her appearance in the case, and obtained a four-week extension of pretrial and trial when, in fact, respondent had done none of these things. On May 24, 1994, Patterson (and Hill)

discharged respondent as counsel and requested a return of the retainer and the papers and property that Patterson and Hill had given to respondent. Respondent failed to return the fees, papers, or property.

{¶ 3} The panel further found that on September 14, 1992, Annie Gwinn retained respondent and paid respondent $3,050 to represent her son in a driving under the influence case. Respondent falsely told Gwinn that the case had been continued and that Gwinn's son would not have to appear in court. In fact, the case was not continued, and a warrant was issued for the son's arrest. Respondent did not reply when Gwinn asked for an accounting and a return of unearned fees.

{¶ 4} The panel further found that after respondent was appointed to represent Autumn Mitchell Perkins in a criminal case, Perkins also hired respondent to represent her in a personal injury case. Respondent settled the personal injury matter while Perkins was incarcerated. Despite Perkins'S instruction to send the balance of the personal injury settlement to her mother after deducting legal fees, respondent failed to turn over the balance to either Perkins or her mother.

{¶ 5} The panel also found that respondent failed to return a file to Raymond Seawright after Seawright dismissed her as his attorney; failed to return a retainer of $5,000 paid to her on March 22, 1993, by Robyn L. Demmings after Demmings dismissed respondent as her attorney on March 23, 1994; failed to timely file a motion for shock probation on behalf of her client Gary Russell; and failed to respond to written and oral requests from the relator with respect to the allegations of these clients.

{¶ 6} As a result, the panel concluded that respondent had violated DR 6-101(A)(3) (neglecting a legal matter), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 9-102(B)(4) (failing to turn over the funds, security, or other property in possession of the lawyer which the client is entitled to receive). The panel recommended that the respondent be

indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Robert Marcis* and *James S. Aussem*, for relator.

———————————

**Per Curiam.**

{¶ 7} In all six of the counts in this case, respondent neglected legal matters entrusted to her. In four of the counts, respondent obtained retainers which she did not earn or return. With respect to two counts, respondent lied to her clients.

{¶ 8} In *Disciplinary Counsel v. Palmer* (1994), 71 Ohio St.3d 174, 642 N.E.2d 1087, when an attorney lied to clients and neglected their interests, we ordered an indefinite suspension. We also found an indefinite suspension appropriate in *Disciplinary Counsel v. Chavers* (1990) 55 Ohio St.3d 18, 562 N.E.2d 1386, where an attorney accepted numerous retainers, failed to perform the work requested, failed to return the unearned fees, and failed to cooperate in the disciplinary investigation. In both *Palmer* and *Chavers* the respondents failed to answer the complaints against them and our sanction was based on relators' motions for default judgment.

{¶ 9} Here respondent has failed to answer and relator has moved for a default judgment. Here also, given the facts as alleged and undisputed, we find the appropriate sanction to be indefinite suspension from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

COOK, J., dissents.

———————————

**COOK, J., dissenting.**

3

**{¶ 10}** The pattern of dishonesty reflected in the six counts against respondent, her failure to respond to relator's charges, and her presentation before this court persuade me that the appropriate sanction is disbarment.

————————————

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 11}** The evidence does not clearly establish that respondent received adequate notice of all the stages of the proceedings, particularly in light of her hospitalization and illnesses. I would remand and give the respondent an opportunity to appear and respond. Therefore, I respectfully dissent from the majority's opinion.

PFEIFER, J., concurs in the foregoing dissenting opinion.

————————————