[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 302.]

OFFICE OF DISCIPLINARY COUNSEL *v*. CLARK.

[Cite as *Disciplinary Counsel v. Clark*, 1997-Ohio-215.]

*Attorneys at law—Misconduct—Two-year suspension, with one year of the suspension stayed, and a one-year probation with conditions—Practicing law while not registered with the Supreme Court of Ohio—Failing to represent clients after accepting retainers—Conviction of disorderly conduct.*

(No. 96-1968—Submitted January 22, 1997—Decided April 30, 1997.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-64.

———————————

{¶ 1} On December 30, 1994 relator, Office of Disciplinary Counsel, filed a second amended complaint charging that respondent, Dexter Wayne Clark of Westlake, Ohio, Attorney Registration No. 0006401, violated various Disciplinary Rules and a Rule for the Governance of the Bar by practicing law while not registered with the Supreme Court of Ohio, by failing to represent clients after accepting retainers, and by engaging in conduct that resulted in his being convicted of a misdemeanor.

{¶ 2} Based on the parties' stipulations and evidence received at a hearing on September 22, 1995, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that during the period from September 1993 to February 1994, respondent practiced law while not registered with the Supreme Court, and that as of May 1, 1995, respondent had not registered for the 1993/1995 biennium. The panel concluded that these actions violated Gov.Bar R. VI(1) (an attorney who registers and pays the required registration fee shall be granted active status).

**{¶ 3}** The panel further found that in January 1993, Carole M. Kolberg retained respondent to probate her mother's estate and paid him a retainer of $320. Kolberg found that by late summer of 1993 respondent had taken no action to probate the estate. Kolberg fired respondent as her counsel by written notice in August 1993, but respondent did not return the retainer. Nor did he return the retainer when requested to do so by the Cleveland Bar Association to whom Kolberg had complained. Respondent did not return the retainer until immediately before the disciplinary hearing. The panel concluded that these actions of respondent violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 9-102(B)(4) (promptly to pay or deliver to the client as requested funds in the possession of the lawyer), and 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law).

**{¶ 4}** The panel also found that Carole Cunningham retained respondent to resolve certain real estate problems. Although Cunningham paid him a retainer of $600, respondent failed to perform any meaningful work and respondent did not return Cunningham's retainer until immediately before the disciplinary hearing. The panel concluded that respondent had violated DR 6-101(A)(3) and 1-102(A)(6).

**{¶ 5}** Finally, the panel found that respondent pled guilty to charges of disorderly conduct. The trial court imposed a suspended jail sentence of thirty days and placed respondent on active probation for two months followed by inactive probation of ten months. The panel concluded that respondent by his disorderly conduct conviction had violated DR 1-102(A)(6).

**{¶ 6}** In mitigation, the panel heard extensive evidence about respondent's problems with alcohol and his attempts to comply with the conditions of the Ohio Lawyers Assistance Program ("OLAP"), which he undertook in January 1995. The panel found that respondent's problems with alcohol were the source of his misconduct. As a result, the panel recommended that respondent be suspended for

2

twelve months with six months stayed if respondent enters into a contract with OLAP, or another entity involving a similar program that requires respondent to attend counseling and support group meetings regularly, maintain regular contact with a legal mentor, and remain alcohol-free during the entire period of the suspension. The board adopted the findings, conclusions, and recommendations of the panel.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Dexter W. Clark, pro se, and Steven Fitten,* for respondent.

––––––––––––––––––

***Per Curiam.***

{¶ 7} We have reviewed the record and accept the findings and conclusions of the board. Neglect of an entrusted legal matter warrants the sanction of suspension. *Cleveland Bar Assn. v. Droe* (1996), 77 Ohio St. 3d 89, 671 N.E.2d 230. In view of the repetitive nature of respondent's violations, we hereby suspend respondent from the practice of law for two years, with one year of the suspension stayed and respondent placed on probation for that one-year period. As conditions of probation, respondent is to enter into a contract with OLAP or a similar monitoring agency, attend counseling and support-group meetings regularly, maintain regular contact with a legal mentor, remain alcohol-free, and attend legal-office management courses for a minimum of twelve hours, as a part of his Continuing Legal Education requirement. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––