[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 149.]

COLUMBUS BAR ASSOCIATION *v.* TAYLOR.

[Cite as *Columbus Bar Assn. v. Taylor*, 1998-Ohio-316.]

*Attorneys at law—Misconduct—One-year suspension with sanction suspended on condition—Neglecting to completely administer an estate.*

(No. 98-1242—Submitted August 19, 1998—Decided December 2, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-86.

————————————

{¶ 1} In a complaint filed on October 15, 1996, relator, Columbus Bar Association, charged respondent, Anthony Richard Taylor of Columbus, Ohio, Attorney Registration No. 0026006, with professional misconduct, including violations of DR 6-101(A)(3) (neglecting an entrusted legal matter) and 3-102(B) [*sic*, 3-101(B) ] (practicing law in a jurisdiction in violation of regulations of the profession in that jurisdiction). Respondent admitted to neglect in correspondence, but did not formerly answer as ordered, prompting relator to move for an entry of default. See Gov.Bar R. V(6)(F).

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") granted the motion, finding respondent in violation of the cited Disciplinary Rules because he had neglected to completely administer an estate and had been disciplined for failing to properly register as an attorney. The panel recommended that respondent be suspended from the practice of law for one year. The board adopted the panel's findings of fact and conclusions of law, but recommended a one-year suspension with the entire suspension stayed with probation and monitoring.

————————————

*William A. Good* and *Bruce A. Campbell*, for relator.

*Per Curiam*.

**{¶ 3}** We agree that respondent neglected his client's probate case. Respondent agreed to represent the estate of Carryl Titus, a woman from whom he had rented lodging for many years and to whom he owed approximately one thousand dollars. Once retained, respondent failed to include this debt in the inventory of estate assets, a mistake he attributed to lack of expertise. Respondent also failed to timely file fiduciary accountings, for which the estate fiduciary was twice cited for contempt by the probate court. The estate suffered no fines or penalties for this neglect, but respondent was jailed for his delay. Respondent further failed to negotiate four checks written to pay credit card debts and taxes. He was eventually dismissed and replaced by another attorney.

**{¶ 4}** We have recognized that "[n]eglect of an entrusted matter warrants the sanction of suspension." *Disciplinary Counsel v. Clark* (1997), 78 Ohio St.3d 302, 303, 677 N.E.2d 1181, 1182. Thus, we also agree with the board's decision to impose a one-year suspension for respondent's neglect; however, we suspend imposition of this sanction on the condition that respondent commits no other disciplinary infractions. We consider as mitigating the facts that respondent has hardly practiced at all since law school, accepting only a handful of friends' domestic and criminal cases when he could not find other employment, and that he simply panicked when he found he did not know how to handle the Titus estate. His misconduct thus resulted purely from inexperience and a corresponding lack of confidence in his professional competence—not self-interest. Under these circumstances, we find an inevitable actual suspension unnecessary.

**{¶ 5}** Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year, but this sanction is suspended on the condition that respondent commits no other professional misconduct. Costs taxed to respondent.

*Judgment accordingly.*

2

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____