[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 143.]

CLEVELAND BAR ASSOCIATION *v.* DROE.

[Cite as *Cleveland Bar Assn. v. Droe*, 1998-Ohio-315.]

*Attorneys at law—Misconduct—Indefinite suspension—Violating a Disciplinary Rule—Neglect of an entrusted legal matter—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Attempting to exonerate or limit liability to client for personal malpractice—Neglecting or refusing to assist in disciplinary investigation or hearing—Engaging in conduct adversely reflecting on fitness to practice law—Failing to promptly pay or deliver funds or property in attorney's possession which client requests and is entitled to receive.*

(No. 98-1231—Submitted August 19, 1998—Decided December 2, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-30.

_____

{¶ 1} In a three-count complaint filed on April 14, 1997, relator, Cleveland Bar Association, charged respondent, William G. Droe of Cleveland, Ohio, Attorney Registration No. 0040993, with violations of DR 1-102(A)(1) (violating a Disciplinary Rule); 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); 6-101(A)(3) (neglecting an entrusted legal matter); 6-102(A) (attempting to exonerate or limit liability to his client for personal malpractice); 9-102(B)(4) (failing to promptly pay or deliver funds or property in the attorney's possession which the client requests and is entitled to receive); and Gov.Bar R. V(4)(G) (neglecting or refusing to assist in an investigation or hearing). In his answer, respondent admitted some facts alleged in the complaint and denied others.

**{¶ 2}** After the parties agreed to a detailed stipulation of facts and waived a hearing, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter. The complaint, answer, and stipulations established the following.

**{¶ 3}** As to Count I, respondent agreed to represent Laurel Bushnell and Thomas Colagrossi in connection with injuries they received in an automobile accident on October 27, 1990, against Bradley Hammel, the driver of the other motor vehicle. On October 23, 1992, respondent filed a common pleas court complaint against Hammel, but never secured service of process. Although notice was sent to respondent that service had not been perfected on Hammel, respondent failed to take any steps to secure service of process. In June 1993, the trial judge issued an order that the case would be dismissed if service was not perfected by July 14, 1993. Thereafter, respondent failed to take further steps to perfect service, and the complaint was dismissed without prejudice in September 1993. When respondent learned of the dismissal, he filed a second complaint and secured service of process against Hammel. Hammel then secured a favorable judgment on the pleadings based upon the two-year statute of limitations.

**{¶ 4}** In January 1996, respondent sent Bushnell a check, which respondent represented was from Hammel's insurance carrier to settle Bushnell's claim. In fact, the carrier had issued no check. Respondent continued to represent to Colagrossi that he was negotiating with Hammel's insurance carrier to settle his claim and did not advise Colagrossi that no settlement was possible because his claim had been dismissed. Following grievances by Bushnell and Colagrossi, respondent failed to respond or cooperate with relator's investigation.

**{¶ 5}** With respect to Count II, respondent was retained to represent Mary Ann Tadiello as executor of the estate of Anthony Trivison, who died in June 1991. In December 1993, Tadiello was removed as executor after the probate court had issued at least three show cause orders against Tadiello. Although Tadiello had

2

furnished to respondent the necessary information and documents, respondent failed to timely file an original inventory for the estate or an accounting, as he had agreed to do. Respondent never told Tadiello that the inventory and accounting were not filed, but instead assured Tadiello, who received the show cause orders, that the probate court had made a mistake and that respondent was attending to the matter. Respondent's failure to file the accounting and inventory caused unnecessary delays, expenses, and penalties in probating the estate. Respondent also failed in his duty to oversee the timely preparation and filing of an Ohio Estate Tax return for the estate.

{¶ 6} As to Count III, Benjamin J. Lynch retained respondent in late 1989 for a number of legal matters. In the course of the representation, respondent had in his possession at least ten money orders, each for $280, which Lynch had obtained. Although respondent agreed to obtain refunds on these money orders, respondent failed to do so, and instead retained possession of the money orders until June 1995. Respondent also represented Lynch in a dispute with a funeral home and two of Lynch's sisters arising from the burial and funeral expenses for Lynch's mother. After the funeral home secured a $6,528 judgment against Lynch, respondent agreed to initiate legal proceedings against the two sisters who had refused to honor their agreement each to contribute one-fourth of the funeral home bill. During his handling of this dispute, respondent received $1,700 from a third sister, which respondent placed in his IOLTA. Despite requests from the third sister, respondent failed to return the $1,700 to her.

{¶ 7} The panel noted that the parties had stipulated that as to each of the three counts, respondent had violated DR 1-102(A)(1) and 6-101(A)(3). Also, as to both Counts I and II, respondent had violated DR 1-102(A)(4), and as to Count I, he had violated DR 6-102(A) and Gov.Bar R. V(4)(G). Finally, as to Count III,

3

respondent had also violated DR 1-102(A)(6) and 9-102(B)(4).[1]  As to mitigation, the panel noted that respondent in a letter had acknowledged responsibility for his actions.

{¶ 8} Relator recommended that respondent be indefinitely suspended from the practice of law, but respondent suggested that some lesser punishment might be warranted, since grievance committees knew about this misconduct when prior disciplinary action had been taken.  The panel noted that respondent had previously been suspended for one year, with six months stayed, "for similar misconduct involving neglect of client's legal matters and for misrepresentation made to  his clients."  See *Cleveland Bar Assn. v. Droe* (1996), 77 Ohio St.3d 89, 671 N.E.2d 230 ("*Droe I*").    Accordingly, the panel recommended that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 9} The board adopted the panel's findings of fact, conclusions of law, and recommendation.

———————————

*Brian P. Downey* and *Timothy J. Fitzgerald*, for relator.
*William G. Droe, pro se.*

———————————

***Per Curiam.***

{¶ 10} After review, we concur with the findings, conclusions, and recommendation of the board.  Earlier in *Droe I*, we noted that "if an attorney expects to remain on the rolls of those permitted to practice law in this state, he must demonstrate respect for his clients." *Droe I*, 77 Ohio St.3d at 90, 671 N.E.2d at 231.  As the stipulations show, respondent demonstrated repeated misconduct and neglect as well as failure to respect his clients.

1. The panel had earlier dropped allegations charging a violation of Gov.Bar R. V(4)(G), contained in Counts II and III.

**{¶ 11}** Respondent's earlier actions occurred in 1984 and 1990 and resulted in *Droe I.* His misconduct here began in 1990 and extended through 1996. We are satisfied that respondent's continued misconduct involving dishonesty, fraud, deceit, and misrepresentation, as well as his neglect of his clients' legal matters, warrants an indefinite suspension from the practice of law. See *Cleveland Bar Assn. v. Rea* (1997), 78 Ohio St.3d 71, 676 N.E.2d 514; *Cleveland Bar Assn. v. Kaigler* (1991), 57 Ohio St.3d 197, 566 N.E.2d 673. Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting.**

**{¶ 12}** Respondent's neglect and deceit has spanned more than ten years. Though this court sanctioned him before for this same sort of misconduct, respondent was undeterred. I therefore believe that the sanction imposed by the majority (allowing respondent to apply to be readmitted after two years) fails to adequately protect the public. Respondent has demonstrated that he is unworthy of clients' trust and thus should be permanently disbarred.

———————————