CLEVELAND BAR ASSOCIATION *v.* DROE.

[Cite as *Cleveland Bar Assn. v. Droe* (1998), 84 Ohio St.3d 143.]

(No. 98–1231—Submitted August 19, 1998—Decided December 2, 1998.)

*Brian P. Downey* and *Timothy J. Fitzgerald,* for relator.

*William G. Droe, pro se.*

***Per Curiam.*** After review, we concur with the findings, conclusions, and recommendation of the board. Earlier in *Droe I,* we noted that "if an attorney expects to remain on the rolls of those permitted to practice law in this state, he must demonstrate respect for his clients." *Droe I,* 77 Ohio St.3d at 90, 671 N.E.2d at 231. As the stipulations show, respondent demonstrated repeated misconduct and neglect as well as failure to respect his clients.

Respondent's earlier actions occurred in 1984 and 1990 and resulted in *Droe I.* His misconduct here began in 1990 and extended through 1996. We are satisfied that respondent's continued misconduct involving dishonesty, fraud, deceit, and misrepresentation, as well as his neglect of his clients' legal matters, warrants an indefinite suspension from the practice of law. See *Cleveland Bar Assn. v. Rea* (1997), 78 Ohio St.3d 71, 676 N.E.2d 514; *Cleveland Bar Assn. v. Kaigler* (1991),

57 Ohio St.3d 197, 566 N.E.2d 673. Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

---

COOK, J., **dissenting.** Respondent's neglect and deceit has spanned more than ten years. Though this court sanctioned him before for this same sort of misconduct, respondent was undeterred. I therefore believe that the sanction imposed by the majority (allowing respondent to apply to be readmitted after two years) fails to adequately protect the public. Respondent has demonstrated that he is unworthy of clients' trust and thus should be permanently disbarred.