[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 16.]

OFFICE OF DISCIPLINARY COUNSEL *v*. DROE.

[Cite as *Disciplinary Counsel v. Droe*, 2001-Ohio-144.]

*Attorneys at law—Misconduct—Permanent disbarment—Filing a lawsuit in common pleas court while under indefinite suspension and signing the name of another attorney as counsel, initialing that signature with respondent's initials, and giving counsel's address as respondent's address–Two previous disciplinary proceedings.*

(No. 00-2283—Submitted January 31, 2001—Decided May 30, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-70.

*Per Curiam*.

{¶ 1} In November 1996, we suspended respondent, William G. Droe of Cleveland, Ohio, Attorney Registration No. 0040993, from the practice of law for one year with six months stayed. *Cleveland Bar Assn. v. Droe* (1996), 77 Ohio St.3d 89, 671 N.E.2d 230. Two years later, in December 1998, we suspended respondent from the practice of law indefinitely. *Cleveland Bar Assn. v. Droe* (1998), 84 Ohio St.3d 143, 702 N.E.2d 407.

{¶ 2} In October 1999, while under indefinite suspension, respondent filed a lawsuit in the Cuyahoga County Court of Common Pleas, signing the name of attorney David H. Drucker as counsel, initialing that signature with "WD," and giving counsel's address as respondent's address. Drucker did not give respondent permission to sign his name nor did he maintain an office relationship with respondent at the address stated in the complaint.

{¶ 3} In March 2000, and again in April 2000, relator, Office of Disciplinary Counsel, attempted to contact respondent by certified mail about this incident. The first correspondence was returned to relator's office marked

"unclaimed." The second correspondence was returned, "moved, left no address." On August 14, 2000, relator filed a complaint charging that respondent's conduct violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in any conduct which adversely reflects on the lawyer's fitness to practice law), 3-101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction), 7-101(A)(3) but incorrectly listed as (A)(2) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship), and 7-102(A)(8) (in representing a client, a lawyer shall not engage in other illegal conduct or conduct contrary to a Disciplinary Rule). The relator also charged that respondent violated Gov.Bar R. VI(1)(D), which requires that each attorney keep the Attorney Registration Office of the Supreme Court advised of his current address.

{¶ 4} The complaint, served by the relator by certified mail, was received by the respondent who failed to file an answer. The matter was referred to Master Commissioner Harry W. White, and the relator filed a motion for default judgment. The master commissioner found the facts as set forth above and concluded that respondent violated the Disciplinary Rules and Rules for the Government of the Bar as charged, except that he found no violation of DR 7-101(A)(3). The master commissioner recommended that respondent be disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 5} On review of the record, we adopt the findings and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator.

————————