[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 304.]

OFFICE OF DISCIPLINARY COUNSEL *v*. OSTHEIMER.

[Cite as *Disciplinary Counsel v. Ostheimer*, 1995-Ohio-38.]

*Attorneys at law—Misconduct—Permanent disbarment—Conviction of attempted felonious sexual penetration and forgery.*

(No. 94-2662—Submitted March 7, 1995—Decided—June 14, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-71.

_____

{¶ 1} In a complaint filed December 6, 1993, relator, Office of Disciplinary Counsel, charged respondent, Stephen Lee Ostheimer of Mansfield, Ohio, Attorney Registration No. 0006407, with violations of DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on November 14, 1994. The parties offered stipulations to the charged misconduct, exhibits, and witness testimony at the hearing.

{¶ 2} On July 6, 1993, respondent was convicted of two counts of attempted felonious sexual penetration and two counts of forgery. He was sentenced to from five to fifteen years, to run consecutively, on each of the attempted felonious sexual penetration counts, and to one year on each of the forgery charges, to run concurrently with each other and with the five-to fifteen- year sentences. Respondent was incarcerated for approximately seven months and released on shock probation to serve a five-year probation period. On July 29, 1993, he was ordered indefinitely suspended from the practice of law in Ohio pursuant to Gov.Bar R. V(5)(A)(3) (automatic suspension for conviction of felony).

**{¶ 3}** Respondent was convicted of these felonies because he deceived and coerced his adopted daughter into submitting to his sexual demands for at least three years. Respondent's insufferable scheme began in 1990, when he suspected that the girl, then seventeen or eighteen, had engaged in sexual relations with her boyfriend and that the boyfriend had used illegal drugs. Respondent fabricated court documents to substantiate that the girl had been placed on a contrived drug-use probation program, the conditions of which, if violated, would require her imprisonment. Some of these documents appeared to be signed court entries directing the girl to submit to strip searches as a condition of her freedom, ostensibly to verify that she was not a drug user. Respondent continued to fabricate such documents and conditions to gain the girl's submission to sexual activity, eventually including digital and penile penetration, until his arrest in 1993.

**{¶ 4}** The panel determined that respondent had committed the stipulated violations of DR 1-102(A)(3), (4), and (6). The panel recommended that respondent be permanently disbarred for his misconduct. The board agreed, adopting the panel's findings of misconduct and recommendation.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Mark H. Aultman*, for respondent.

———————————

***Per Curiam.***

**{¶ 5}** We concur in the board's findings of misconduct and its recommendation. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

January Term, 1995