**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 604.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. FORTADO.

[Cite as *Disciplinary Counsel v. Fortado*, 1996-Ohio-295.]

*Attorneys at law—Misconduct—Two-year suspension with one year of sanction suspended with conditions—Conduct adversely reflecting on fitness to practice law—Failure to assist disciplinary investigation.*

(No. 95-1665—Submitted January 9, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-59.

_____

{¶ 1} The respondent in this matter is Matthew Fortado of Sun Valley, Idaho (formerly of Akron, Ohio), Attorney Registration No. 0010597. Relator, Office of Disciplinary Counsel, filed a six-count complaint against Fortado with this court's Board of Commissioners on Grievances and Discipline. A panel of the board heard this matter on May 5, 1995. In accordance with the parties' stipulation, Counts III and VI of the complaint were dismissed. With respect to the remaining counts, the hearing record, stipulations, and exhibits establish the following facts:

Count I

{¶ 2} On June 13, 1994, in the Summit County Court of Common Pleas, Fortado pled guilty to two counts of drug abuse, R.C. 2925.11, based upon his possession of cocaine. Fortado stipulated that his conduct violated DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).

Count II

{¶ 3} Fortado represented Bridgett Smith, a minor, and her mother in a personal-injury action, obtaining a $50,000 judgment in Bridgett's favor. Fortado paid some of the judgment proceeds to Robert and Sheila Atwood. Fortado claimed

that Robert had previously loaned money to the Smiths, and that Bridgett's mother had authorized Fortado to reimburse him.

{¶ 4} Subsequently, Bridgett sued Fortado in the Summit County Court of Common Pleas for malpractice. The court found that the payments to Sheila Atwood had been authorized, but those to Robert Atwood had not been. The court further found that Fortado had failed to reduce his fee agreement to writing as required by R.C. 4705.15(B). The court awarded Bridgett $11,500, the amount paid to Robert Atwood. Fortado stipulated that his conduct violated DR 1-102(A)(6).

Count IV

{¶ 5} On December 3, 1993, a dissatisfied client of Fortado's complained about him to the Akron Bar Association, which forwarded the complaint to relator. On January 11 and February 25, 1994, relator sent certified letters of inquiry to Fortado's office. His receptionist signed for both letters, but Fortado failed to answer them. Fortado stipulated that he thereby violated Gov.Bar R. V(4)(G) (failure to assist disciplinary investigation).

Count V

{¶ 6} On October 19, November 9, and December 8, 1993, a Pennsylvania law firm sent Fortado requests for information about an auto accident in which a client of Fortado's had been involved and the Pennsylvania firm's client had been injured. On January 18, 1994, relator received a letter of complaint from the Pennsylvania firm, alleging that Fortado had not cooperated with the requests. Relator sent Fortado a certified letter of inquiry on January 21, 1994, requesting a response before February 4. Fortado's receptionist signed for this letter, but relator heard nothing from Fortado until February 23.

{¶ 7} On February 23, relator sent another certified letter. The same day, relator received Fortado's reply, dated February 18, to relator's January 21 letter. Fortado wrote that he would be in Texas until February 28, but promised to contact

2

relator "immediately" when he got back. Meanwhile, relator's February 23 letter arrived at Fortado's office on February 28, and the receptionist signed for it, but relator heard nothing more from Fortado. Fortado stipulated that his conduct violated DR 1-102(A)(6) and Gov.Bar R. V(4)(G).

## Mitigating Factors

{¶ 8} Fortado had abused drugs and alcohol since age fourteen. He first used cocaine in law school; after he graduated in 1977, it became his "drug of choice." At the height of his addiction, Fortado took $400-$500 worth of cocaine per week. However, he was able to abstain completely from drugs and alcohol for substantial periods of time.

{¶ 9} After his March 8, 1994 arrest on drug charges, Fortado took steps toward recovery. He completed a twenty-eight-day substance abuse program and joined the Ohio Lawyers Assistance Program, Inc. ("OLAP"). He signed an "advocacy contract" with OLAP, agreeing to abstain from mood-altering drugs, attend three Alcoholics Anonymous ("AA") meetings per week, and undergo random substance abuse testing. OLAP officials testified that Fortado had complied with his contract, was facing his problems, and was willing to do whatever was necessary to get better.

{¶ 10} Fortado has also undergone aftercare counseling at an Idaho clinic and has volunteered for AA-related tasks. Four persons involved in AA wrote letters to express their view that Fortado has shown a serious commitment to recovery.

{¶ 11} On August 3, 1994, the Summit County Court of Common Pleas granted Fortado's motion for treatment in lieu of conviction, pursuant to R.C. 2951.041. By journal entry filed May 16, 1995, the court found that Fortado "has successfully completed his treatment and is rehabilitated" and dismissed the indictment.

**{¶ 12}** Several judges and lawyers testified or wrote letters praising Fortado's integrity and professional ability. Three witnesses said Fortado's drug problem had not interfered with his professional performance. Several friends and clients wrote of Fortado's integrity, generosity, *pro bono* work, legal skill, dedication, and responsibility. Fortado testified that he has continued to take CLE classes and has maintained his Ohio attorney registration.

**{¶ 13}** The panel recommended that Fortado be suspended from the practice of law for two years. Both parties concurred in this; however, Fortado asked that the entire sanction be stayed, while relator recommended that one year be stayed. In line with relator's recommendation, the panel recommended that one year of the sanction be stayed, on condition that Fortado fulfill the terms of his OLAP contract and that he be monitored by two attorneys when he re-enters legal practice: one to help him with "office set-up and procedures" and one to monitor his progress in remaining drug- and alcohol-free. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell*, for respondent.

————————————

***Per Curiam.***

**{¶ 14}** Fortado asks that we stay his entire two-year suspension, citing *Disciplinary Counsel v. Casalinuovo* (1993), 66 Ohio St.3d 367, 613 N.E.2d 177, and *Disciplinary Counsel v. Carter* (1994), 68 Ohio St.3d 568, 629 N.E.2d 430. *Casalinuovo* and *Carter* were cases of attorneys who, after being found guilty of drug abuse, received treatment in lieu of conviction under R.C. 2951.041. But in those cases, the respondents were sanctioned solely for using illegal drugs. Fortado is guilty of other misconduct as well; he admits two violations each of DR 1-

102(A)(6) and Gov.Bar R. V(4)(G), including the improper disbursement of $11,500 of a client's funds and repeated failures to cooperate with relator's investigation.

{¶ 15} Accordingly, we adopt the board's findings, conclusions, and recommendation. Matthew Fortado is suspended from the practice of law in Ohio for two years. One year of this sanction is stayed on the conditions recommended by the board as stated above. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____