[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 578.]

OFFICE OF DISCIPLINARY COUNSEL *v.* THOMAS.

[Cite as *Disciplinary Counsel v. Thomas*, 1996-Ohio-96.]

*Attorneys at law—Misconduct—Six-month suspension stayed on conditions—Conviction in Texas for possession of a controlled substance.*

(No. 96-986—Submitted June 25, 1996—Decided October 2, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-67.

_____

{¶ 1} On August 7, 1995, the Office of Disciplinary Counsel, relator, filed a complaint charging Shawn Allen Thomas of Springfield, Ohio, Attorney Registration No. 0040462, respondent, with violations of DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102 (A)(6) (engaging in conduct adverse to his fitness to practice law) based on respondent's having been found to possess a controlled substance when being stopped by police for speeding while he was on vacation in Texas. His plea agreement resulted in a short jail term, a fine, and probation.

{¶ 2} Respondent filed an answer denying that his actions constituted illegal conduct involving moral turpitude. A hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on February 9, 1996, at which the parties stipulated and the respondent testified to the following essential facts.

{¶ 3} Respondent was arrested, charged, and pled guilty to possession of a controlled substance as stated in the complaint. Respondent paid a $5,000 fine, served a portion of a thirty-day jail sentence, and was placed on probation by the Texas court. When respondent returned to Ohio he reported himself to the Office

of Disciplinary Counsel and began participation in AL-ANON through the Ohio Lawyers Assistance Program, Inc.

{¶ 4} The panel concluded that because respondent's drug conviction was not clearly a *per se* violation of DR 1-102(A)(3), and because the charged offenses occurred outside the community where respondent practiced law, respondent had not engaged in conduct involving moral turpitude.

{¶ 5} Respondent in mitigation presented evidence that he was a hard-working attorney, that the Texas matter was an isolated incident, and that he had no history of mental illness, substance abuse, or dependence problems. Testimony and letters were also received at the hearing with respect to respondent's good character and honesty.

{¶ 6} The panel recommended that respondent be suspended from the practice of law for one year, with the suspension stayed on condition that for two years respondent continue his participation with OLAP, and that he remain drug and alcohol free, be subject to urine analysis, and continue his attendance at either AA, Narcotics Anonymous, or AL-ANON meetings. The board reviewed the findings of the panel and recommended that the respondent be suspended from the practice of law for six months, with the suspension stayed upon conditions of treatment consistent with the panel's recommendation.

————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell* for respondent.

————————————

***Per Curiam.***

{¶ 7} Based on upon our review of the record, the court adopts the findings, conclusion, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months, with the suspension stayed on condition

that for two years from the date of the announcement of this order respondent continue his participation with OLAP and remain drug and alcohol free, be subject to random urine analysis, and continue his attendance at either AA, Narcotics Anonymous, or AL-ANON meetings.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____