[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 91.]

OFFICE OF DISCIPLINARY COUNSEL *v*. BROWN.

[Cite as *Disciplinary Counsel v. Brown*, 1996-Ohio-371.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in illegal conduct involving moral turpitude—Engaging in conduct adversely reflecting on fitness to practice law—Conviction of driving under the influence of alcohol—Testing positive for cocaine.*

(No. 96-1431—Submitted September 10, 1996—Decided November 13, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-56.

_____

{¶ 1} On June 5, 1995, the Office of Disciplinary Counsel of the Supreme Court of Ohio ("relator") filed a complaint charging Sherburne C. Brown of St. Clair Shores, Michigan, Attorney Registration No. 0061338 ("respondent"), with violating DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law).

{¶ 2} Respondent filed an answer, and in March 1996, relator and respondent signed an agreed stipulation of facts. Based on the complaint, answer and stipulation, respondent having waived his right to a hearing, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), found that respondent, who was admitted to the practice of law in Ohio on May 17, 1993, had been convicted in Grosse Pointe Woods, Michigan in 1985, and in Cleveland, Ohio, in 1991, of operating a motor vehicle under the influence of alcohol. As a result of the first conviction respondent was placed on two years' probation; as a result of the second, his driving rights were suspended for ninety days and he was ordered to serve one year of probation.

{¶ 3} A year after being admitted to practice in Ohio, in May 1994, respondent was convicted in Oakland County, Michigan, of the felony of driving under the influence of alcohol. Respondent was fined $500, ordered to undergo rehabilitative treatment and sentenced to one year in jail, subject to work release, followed by three years of probation. In February 1995, the trial court canceled respondent's work release privileges because he had tested positive for cocaine. In March 1995, the trial court denied respondent's motion for reinstatement of his work release program, although the motion was supported by a pharmacologist's affidavit that respondent had not used cocaine during the seven-month period before the date on which he was tested. On June 22, 1995 this court indefinitely suspended respondent from the practice of law on an interim basis. *In re Brown* (1995), 72 Ohio St.3d 1545, 650 N.E.2d 904. Respondent admitted to the disciplinary violations as charged, and apparently has had some success at rehabilitation.

{¶ 4} The panel recommended that respondent be suspended from the practice of law for a period of two years, with the suspension stayed so long as respondent complied with certain specified probation and monitoring conditions.

{¶ 5} The board adopted the panel's findings of fact and conclusions of law. Based on respondent's felony conviction and the need that he affirmatively demonstrate his fitness to practice in the future, the board recommended that respondent be indefinitely suspended from the practice of law.

_____

*Geoffrey Stern,* Disciplinary Counsel, and *Stacy M. Solochek,* Assistant Disciplinary Counsel, for relator.

*Sherburne C. Brown*, *pro se.*

_____

*Per Curiam.*

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. The record indicates that respondent requires rehabilitation. This court's duty to the public requires that respondent affirmatively demonstrate his rehabilitation before we allow him to resume his place on the rolls of those permitted to practice law in Ohio. We have thus far suspended respondent from the practice of law for an interim period. We now hereby suspend respondent from the practice of law for an indefinite period. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____