TOLEDO BAR ASSOCIATION *v.* BELL.

[Cite as *Toledo Bar Assn. v. Bell* (1997), 78 Ohio St.3d 88.]

(No. 96–2432—Submitted December 11, 1996—Decided March 26, 1997.)

*Dale W. Fallat* and *Harold M. Steinberg*, for relator.

*Lorin J. Zaner*, for respondent.

*Per Curiam.* "The guiding principle in * * * all our disciplinary proceedings * * * is the public interest and an attorney's right to continue to practice a profession imbued with public trust." *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 372, 667 N.E.2d 1186, 1188–1189. Our Ethical Considerations state standards of professional conduct towards which every lawyer should strive; our Disciplinary Rules specify a minimum level of conduct below which no lawyer should fall.

The board has found that in a number of instances, respondent failed to meet even the minimum level of conduct. In representing Bofia, respondent changed her fee schedule during the case without informing her client and then refused to complete her contract unless the higher fee was paid. Respondent lied to her client Lusher about the commencement of the case and failed to return unearned fees. As to Fleming, respondent failed to return to the client papers her client was entitled to receive. Later, while representing a client to recover an animal from the dog warden, respondent lost control of her emotions and screamed epithets and racial slurs. Our Disciplinary Rules require that a lawyer not intentionally fail to carry out a contract with her client or cause damage to the client. They also require that a lawyer not lie to her clients or withhold papers

from a client. Our Ethical Considerations, specifically EC 1–5, which encourages lawyers to maintain high standards of professional conduct, do not countenance the use of epithets and racial slurs.

We have reviewed the record and adopt the findings of the board and its conclusions with respect to the violation of specific Disciplinary Rules. Respondent is hereby suspended from the practice of law for two years, but the second year of the suspension is stayed, provided that respondent enters into an agreement with the Ohio Lawyers Assistance Program for the treatment of substance abuse and during the entire two-year suspension complies with that agreement, undergoes regular psychotherapy during the term of the suspension, and complies with a monitoring program as outlined in Gov.Bar R. V(9). The monitoring attorney will report monthly to the relator. In addition, respondent shall immediately return Fleming's entire legal file and within ninety days of the date of this order reimburse Bofia, Lusher, and Fleming. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents and would impose the sanction recommended by the board.

F.E. SWEENEY, J., dissents and would stay a two-year suspension of respondent.