**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 88.]**

TOLEDO BAR ASSOCIATION *v*. BELL.

[Cite as *Toledo Bar Assn. v. Bell*, 1997-Ohio-238.]

*Attorneys at law—Misconduct—Two-year suspension with second year of sanction stayed with conditions—Changing fee schedule during case without informing client and refusing to complete case unless higher fee was paid—Lying to client about commencement of case and failing to return unearned fees—Failing to return papers client was entitled to receive—Using epithets and racial slurs while representing a client to recover an animal from the dog warden.*

(No. 96-2432—Submitted December 11, 1996—Decided March 26, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-86.

———————————

{¶ 1} On March 22, 1996, relator, the Toledo Bar Association, filed a "First Amended Complaint" alleging in four counts that Angelia D. Bell of Toledo, Ohio, Attorney Registration No. 0016851, respondent, violated several Disciplinary Rules. After respondent filed an answer, relator and respondent stipulated to the allegations of the complaint and a psychiatric evaluation of respondent. On September 19, 1996, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held a hearing, at which time the stipulation and medical report were received into evidence. The respondent limited her testimony and exhibits to matters of mitigation.

{¶ 2} The panel found that in 1993, respondent undertook to represent Cynthia Bofia in a divorce and custody matter for a $500 retainer and $50 an hour. Thereafter, respondent refused to file a final judgment entry until her client paid the balance of her fees. Respondent claims that the balance arose because she changed

her hourly rate from $50 to $100 during the course of the case. However, no evidence existed that Bofia, who believed she had paid respondent as agreed, had consented to the new rate. The panel found that respondent had violated DR 2-110(A)(2) (withdrawing from employment without taking reasonable steps to avoid prejudice to the rights of the client), 2-110(A)(3) (failing to refund any part of an advance fee not earned), 6-101(A)(3) (neglecting a legal matter which had been entrusted to her), 7-101(A)(2) (failing to carry out a contract of employment), and 7-101(A)(3) (prejudicing a client during the course of a professional relationship).

{¶ 3} The panel found that in July 1994, Kathy Lusher retained respondent to handle a child-support matter for which Lusher paid respondent a retainer of $500 and filing fees of $70. Respondent missed appointments with Lusher, verbally abused her, and falsely told Lusher that the papers commencing her case had been filed with the court. Later, respondent told Lusher that the papers had not been filed and that Lusher's case had no merit. When Lusher demanded a return of the fees, respondent refunded only one-half of the retainer plus the court costs. The panel found that with respect to her representation of Lusher, respondent had violated DR 6-101(A)(3), and 2-106(B)(4) and (6) (charging excessive fee in light of the results obtained and the nature and length of the professional relationship).

{¶ 4} The panel also found that Sheila Fleming retained respondent in October 1993, to prepare a consent decree in a paternity case involving the support of a minor child. Fleming delivered her legal file from a previous attorney to respondent and paid respondent $300 of an agreed $500 legal fee. After Fleming called her numerous times, respondent told Fleming that she had made a preliminary investigation, had prepared the consent decree and had it executed by the father of the child, and had been in contact with Fleming's previous attorney, which was untrue. Respondent then advised Fleming she would not complete the legal work until the balance of the retainer had been paid and refused to return Fleming's legal file to her. The panel found that in representing Fleming,

respondent had violated DR 2-110(A)(2), 6-101(A)(3), 7-101(A)(2), 7-101(A)(3), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 9-102(B)(4) (promptly delivering to the client property in the lawyer's possession which the client is entitled to receive).

{¶ 5} The panel found that in October 1995, respondent appeared at the office of the county dog warden demanding the immediate release of a pit bull dog allegedly owned by one of respondent's clients. When the dog warden attempted to explain why the dog was being held, respondent screamed at him, yelling derogatory and racial slurs in the presence of his employees and visitors. The panel found that these actions had violated DR 1-102(A)(6) (conduct adversely reflecting on respondent's fitness to practice law).

{¶ 6} Based on the hearing testimony, the psychiatric evaluation, letters of support from judicial officials, a client, and a psychologist, the panel found in mitigation that respondent surmounted a childhood of physical and sexual abuse to graduate from law school and undertake a solo practice, serving clients who have minimal financial resources and are on the fringe of society. As a single mother, she helped both of her children to receive a college education. The panel found that respondent abuses marijuana on a daily basis and has been treated for depression. Her problems appeared to the panel to have been caused by a lack of organization and inadequate personal skills.

{¶ 7} The panel recommended that respondent be suspended from the practice of law for two years with the suspension stayed on the condition that respondent reimburse Lusher and Fleming, return Fleming's entire file, and either reimburse Bofia or file the judgment entry to conclude her representation of Bofia. As additional conditions for a stay of the suspension, the panel recommended that respondent enter into an agreement with the Ohio Lawyers Assistance Program for treatment of substance abuse and comply with the agreement, undergo regular psychotherapy during the term of the suspension, and comply with a monitoring

program as outlined in Gov.Bar R. V(9) with regular review of the monitoring. The board adopted the panel's findings, conclusions, and recommendations, adding that the monitoring attorney shall report monthly to the relator.

_____

*Dale W. Fallat* and *Harold M. Steinberg,* for relator.
*Lorin J. Zaner,* for respondent.

_____

*Per Curiam.*

{¶ 8} "The guiding principle in * * * all our disciplinary proceedings * * * is the public interest and an attorney's right to continue to practice a profession imbued with public trust." *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St. 3d 369, 372, 667 N.E.2d 1186, 1188-1189. Our Ethical Considerations state standards of professional conduct towards which every lawyer should strive; our Disciplinary Rules specify a minimum level of conduct below which no lawyer should fall.

{¶ 9} The board has found that in a number of instances, respondent failed to meet even the minimum level of conduct. In representing Bofia, respondent changed her fee schedule during the case without informing her client and then refused to complete her contract unless the higher fee was paid. Respondent lied to her client Lusher about the commencement of the case and failed to return unearned fees. As to Fleming, respondent failed to return to the client papers her client was entitled to receive. Later, while representing a client to recover an animal from the dog warden, respondent lost control of her emotions and screamed epithets and racial slurs. Our Disciplinary Rules require that a lawyer not intentionally fail to carry out a contract with her client or cause damage to the client. They also require that a lawyer not lie to her clients or withhold papers from a client. Our Ethical Considerations, specifically EC 1-5, which encourages lawyers to maintain high standards of professional conduct, do not countenance the use of epithets and racial slurs.

4

{¶ 10} We have reviewed the record and adopt the findings of the board and its conclusions with respect to the violation of specific Disciplinary Rules. Respondent is hereby suspended from the practice of law for two years, but the second year of the suspension is stayed, provided that respondent enters into an agreement with the Ohio Lawyers Assistance Program for the treatment of substance abuse and during the entire two-year suspension complies with that agreement, undergoes regular psychotherapy during the term of the suspension, and complies with a monitoring program as outlined in Gov.Bar R. V(9). The monitoring attorney will report monthly to the relator. In addition, respondent shall immediately return Fleming's entire legal file and within ninety days of the date of this order reimburse Bofia, Lusher, and Fleming. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents and would impose the sanction recommended by the board.

F.E. SWEENEY, J., dissents and would stay a two-year suspension of respondent.

————————————