[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 113.]

OFFICE OF DISCIPLINARY COUNSEL V. GOSLING.

**[Cite as Disciplinary Counsel v. Gosling, 1997-Ohio-177.]**

*Attorneys at law—Misconduct—Two-year suspension with one year stayed on conditions—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct that adversely reflects on fitness to practice law—Neglect of an entrusted legal matter—Failure to assist in disciplinary investigation—Failure to carry out contract of employment.*

(No. 97-438—Submitted April 16, 1997—Decided June 25, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-33.

_____

{¶ 1} On April 15, 1996, relator, Office of Disciplinary Counsel, charged respondent, John Gregory Gosling of McArthur, Ohio, Attorney Registration No. 0031040, with violations of  five Disciplinary Rules and two Rules for the Government of the Bar. Respondent failed to answer the complaint, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board') to rule on relator's motion for a default judgment.

{¶ 2} Based on exhibits attached to the motion and a deposition of respondent, the panel found that in November 1994, Lyssa Noonan retained respondent to represent her in a domestic relations case.  Respondent initially met with Noonan for two hours and received a retainer of $800 from her.  In April 1995, after respondent failed to return any telephone calls from Noonan or otherwise communicate with her, she terminated his services and represented herself at the dissolution hearing.  When Noonan finally received respondent's itemized bill for services, she found that he had billed her for an initial meeting of four hours.

Respondent refused to refund Noonan's retainer and failed to cooperate in relator's attempts to investigate this matter.

{¶ 3} The panel also found that in July or August 1994, Ohio Valley Bank Company hired respondent to perform a real estate title search. Respondent, who had been fully paid by the bank, provided a certificate of title examination, but failed to provide the final title letter requested by the bank.

{¶ 4} Finally, the panel found that respondent was late in paying his attorney registration fees for the 1985-1987, 1989-1991, 1993-1995, and 1995-1997 biennia, and engaged in the practice of law when he was not registered with the Clerk of the Ohio Supreme Court.

{¶ 5} The panel concluded that in representing Noonan, respondent violated DR 1-102(A)(4)(G) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6)(engaging in conduct that adversely reflects on his fitness to practice law), and 6-101(A)(3) (neglect of an entrusted legal matter), and that his failure to cooperate with the investigation violated Gov.Bar R. V(4) (failure to assist in a disciplinary investigation). With respect to his representation of the Ohio Valley Bank Company, the panel concluded that respondent violated DR 1-102(A)(6), 6-101(A)(3) and 7-101(A)(2)(failure to carry out a contract of employment). The panel also concluded that respondent's failure to register timely violated Gov.Bar R. VI (1)(failure to register). The panel noted as a mitigating factor that respondent admitted to having had past difficulties with alcohol.

{¶ 6} The panel recommended that respondent be suspended from the practice of law for twenty-four months with twelve of those months stayed, providing that respondent makes restitution to Noonan in the amount of $800, provides the bank with the final title letter, regularly attends alcohol counseling and Alcoholics Anonymous sessions, and enrolls in and completes the Ohio Lawyers Assistance Program. The panel recommended that if respondent fails to comply

with any of the conditions of probation, then his probation shall cease and the suspension shall become effective for the entire remaining term.

{¶ 7} The board adopted the findings, conclusions, and recommendations of the panel, except that the board found no violation of Gov.Bar R. VI(1).

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

––––––––––––––––––

***Per Curiam.***

{¶ 8} We adopt the findings, conclusions, and recommendations of the board. Respondent is suspended from the practice of law for twenty-four months, but twelve months of that suspension are stayed, provided that during the two-year period respondent comply with the conditions recommended by the board. Costs are taxed to the respondent.

*Judgment*
*accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––