CINCINNATI BAR ASSOCIATION ET AL. *v.* BAAS.

[Cite as *Cincinnati Bar Assn. v. Baas* (1997), 79 Ohio St.3d 293.]

(No. 96–2481—Submitted May 6, 1997—Decided July 30, 1997.)

294

*Richard H. Johnson* and *Don R. Gardner,* for relator Cincinnati Bar Association.

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator Office of Disciplinary Counsel.

*John H. Burlew,* for respondent.

*Per Curiam.* We adopt the findings and conclusions of the board, but not its recommendations. Respondent's infraction deserves a stronger penalty. An attorney's neglect of legal matters warranted a one-year suspension with six months stayed in *Cleveland Bar Assn. v. Droe* (1996), 77 Ohio St.3d 89, 671 N.E.2d 230, and an indefinite suspension in *Akron Bar Assn. v. Snyder* (1997), 78 Ohio St.3d 57, 676 N.E.2d 504. Failure to segregate funds warranted a one-year suspension in *Erie–Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 669 N.E.2d 831. In *Toledo Bar Assn. v. Christensen* (1996), 77 Ohio St.3d 71, 671 N.E.2d 30, we indefinitely suspended an attorney who failed to comply with the registration and continuing legal education requirements and failed to cooperate in the disciplinary investigation.

In this case, while recognizing respondent's efforts to rehabilitate herself as an attorney, we believe that the pattern of neglect respondent has demonstrated justifies her removal from the practice of law for a period of time. Accordingly, we hereby suspend respondent from the practice of law in Ohio for two years, but we stay the last eighteen months of the suspension. Respondent will remain on probation for the entire period of suspension and shall take immediate steps to complete all necessary continuing legal education requirements and become currently registered as an attorney with the Supreme Court of Ohio. In addition, respondent shall abstain from alcohol and be subject to random testing by medical personnel selected by and reporting to relator, Cincinnati Bar Association, to verify such abstinence, regularly attend alcohol counseling sessions, regularly attend AA/NA meetings and enroll in OLAP, and within sixty days prior to the end of her first year of probation and at least sixty days prior to the termination of her probation, submit to an examination by a physician chosen by the Cincinnati Bar Association to determine whether she is capable of practicing law. If respondent has or receives client funds which are nominal or are to be held for a short time, respondent shall establish an IOLTA account. The Cincinnati Bar Association shall regularly monitor respondent's practice of law.

Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

COOK, J., dissenting. I differ with the amount of time imposed as an actual suspension. In my view no less than a full year is warranted.