**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 51.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. GALLAGHER.

**[Cite as *Disciplinary Counsel v. Gallagher*, 1998-Ohio-592.]**

*Attorneys at law—Judges—Misconduct—Permanent disbarment—Conviction for distributing cocaine.*

(No. 97-2256—Submitted February 18, 1998—Decided May 20, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-51.

_____

{¶ 1} While serving as an elected judge of the Court of Common Pleas of Cuyahoga County, respondent Michael Gallagher of Brunswick, Ohio, Attorney Registration No. 0024396, was arrested and charged with attempting to distribute cocaine. Respondent was released on a $10,000 bond, which was later revoked after he tested positive for cocaine and marijuana at a random drug screen. An indictment was then filed charging respondent with five counts of violating federal drug laws. After pleading guilty to distributing cocaine, respondent was sentenced to twelve months in prison and fined $20,000.

{¶ 2} We disqualified respondent from acting as a judge while the indictment was pending and until further order issued by this court. *In re Gallagher* (1995), 73 Ohio St.3d 1442, 654 N.E.2d 353. Respondent did not resign from his judgeship until seven months after his arrest. Following his conviction, we imposed an interim suspension prohibiting respondent from practicing law in the state of Ohio. *In re Gallagher* (1996), 75 Ohio St.3d 1470, 663 N.E.2d 1298.

{¶ 3} A panel of the Board of Commissioners on Grievance and Discipline of the Supreme Court of Ohio ("board") found upon stipulation that respondent had violated DR 1-102(A)(3) (misconduct in engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (misconduct in engaging in any other conduct

that adversely reflects on his fitness to practice law). The panel recommended an indefinite suspension with no credit for time served. The board thereafter adopted the findings and conclusions of the panel and recommended that respondent be suspended indefinitely from the practice of law in the state of Ohio without credit for time served under the interim suspension. Respondent objects only to the board's recommendation that he get no credit for time served under the interim suspension.

———————————

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Koblentz & Koblentz, Richard S. Koblentz* and *Peter A. Russell,* for respondent.

———————————

**COOK, J.**

{¶ 4} We adopt the findings and conclusions of the board, but we determine that disbarment is the only appropriate sanction.

I

{¶ 5} Although we decide disciplinary matters on a case-by-case basis, other similar disciplinary proceedings are helpful in determining sanctions. Disbarment is not uncommon where DR 1-102(A)(3) and 1-102(A)(6) violations stem from felony convictions. See *Disciplinary Counsel v. Williams* (1997), 80 Ohio St.3d 539, 687 N.E.2d 682 (respondent disbarred after pleading guilty to the felonies of theft and receiving stolen property); *Disciplinary Counsel v. Ostheimer* (1995), 72 Ohio St.3d 304, 649 N.E.2d 1217 (respondent disbarred following felony convictions for forgery and attempted felonious sexual penetration); *Disciplinary Counsel v. Mosely* (1994), 69 Ohio St.3d 401, 632 N.E.2d 1287 (judge disbarred upon felony conviction for extortion). See, also, *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515; *Disciplinary Counsel*

*v. Connaughton* (1996), 75 Ohio St.3d 644, 665 N.E.2d 675; *Dayton Bar Assn. v. Bench* (1994), 71 Ohio St.3d 202, 643 N.E.2d 93; and *Disciplinary Counsel v. Pizzedaz* (1994), 68 Ohio St.3d 486, 628 N.E.2d 1359. These cases illustrate that permanent disbarment is an appropriate sanction for conduct that violates DR 1-102 and results in a felony conviction.

{¶ 6} Permanent disbarment is even more advised here because respondent held judicial office at the time of his arrest. Judges are subject to the highest standard of ethical conduct. *Mahoning Cty. Bar Assn. v. Franko* (1958), 168 Ohio St. 17, 23, 5 O.O.2d 282, 285-286, 151 N.E.2d 17, 23; See, also, *In re Complaint Against Harper* (1996), 77 Ohio St.3d 211, 673 N.E.2d 1253. Canon 1 of the Code of Judicial Conduct states, "A judge shall uphold the integrity and independence of the judiciary." Canon 2 states, "A judge shall respect and comply with the law and shall act at all times in a manner that promotes the public confidence in the integrity and impartiality of the judiciary." Respondent spurned these standards. We find that disbarment is warranted under the given circumstances.

II

{¶ 7} Respondent argues that his sanction should be reduced because his misdeeds were committed while he was suffering from an addiction to cocaine. He further argues that his commitment to remain sober, demonstrated by active participation in Alcoholics Anonymous and the Ohio Lawyers Assistance Program, weighs in favor of leniency. Generally, we do temper our decision where substance abuse is involved and the respondent has demonstrated a commitment to sobriety. See *Disciplinary Counsel v. Norris* (1996), 76 Ohio St.3d 93, 666 N.E.2d 1087. Mitigating factors have little relevance, however, when judges engage in illegal conduct involving moral turpitude.

{¶ 8} In *In the Matter of Hughes* (Ind. 1994), 640 N.E.2d 1065, the Indiana Supreme Court disbarred a municipal judge following felony convictions. The court refused to allow mitigating factors to prevent disbarment because the judicial

system suffers institutional harm when a judge commits serious ethical violations. The court stated:

"Though this Court considers the mitigating factors presented, they cannot overshadow Respondent's egregious misconduct. His acts encompass a myriad of grave departures from the behavior expected of lawyers, especially those who have chosen to serve in public office as judges. He engaged in dishonest acts rising to the level of felonious conduct. He has violated the public's trust. Such actions, when taken by a judge, likely tend to injure the public's confidence in the judiciary. Where those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect." (Citation omitted.) *Id*. at 1067.

{¶ 9} When a judge's felonious conduct brings disrepute to the judicial system, the institution is irreparably harmed. See Canon 1 of the Code of Judicial Conduct ("An independent and honorable judiciary is indispensable to justice in our society."). By this sanction, we aim to protect both the public and the integrity of the judicial system itself. Mitigating factors relevant to this individual attorney pale when he is viewed in his institutional role as a judge. We, therefore, find that respondent deserves the full measure of our disciplinary authority. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

LUNBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 10} I concur with the majority opinion but write separately to explain further our decision to disbar the respondent.

**{¶ 11}** In the past, this court has often incorporated rehabilitative measures into the conditions of discipline imposed upon the attorney whose abuse of alcohol and/or controlled substances has impacted upon one or more violations of the Disciplinary Rules. *Disciplinary Counsel v. Clark* (1997), 78 Ohio St.3d 302, 677 N.E.2d 1181; *Cincinnati Bar Assn. v. Baas* (1997), 79 Ohio St.3d 293, 681 N.E.2d 421; *Toledo Bar Assn. v. Bell* (1997), 78 Ohio St.3d 88, 676 N.E.2d 527; *Disciplinary Counsel v. Gosling* (1997), 79 Ohio St.3d 113, 679 N.E.2d 1096; *Disciplinary Counsel v. Scurry* (1996), 76 Ohio St.3d 95, 666 N.E.2d 1089; *Disciplinary Counsel v. Thomas* (1996), 76 Ohio St.3d 578, 669 N.E.2d 833; *Disciplinary Counsel v. Norris* (1996), 76 Ohio St.3d 93, 666 N.E.2d 1087; *Disciplinary Counsel v. Brown* (1996), 77 Ohio St.3d 91, 671 N.E.2d 232; *Disciplinary Counsel v. Fortado* (1996), 74 Ohio St.3d 604, 660 N.E.2d 1154. However, this case is unique. Because a judge holds a position of utmost trust in our society, this conduct merits permanent disbarment.

**{¶ 12}** If the respondent was addicted to cocaine *before* he assumed the bench, then he took office knowing he would adjudicate drug-related cases and sentence drug felons while he too was violating the law.[1] If he began his cocaine use *after* he assumed the bench, then he deliberately and voluntarily began using the drug knowing it was illegal while, at the same time, he was sentencing other drug abusers for the same behavior. This is hypocrisy.

**{¶ 13}** Although we have accepted drug or alcohol addiction as mitigation and we have tailored our sanctions to provide for rehabilitation, addiction is no excuse for respondent's decision to use cocaine for the *first* time. Therefore, respondent's presentation of mitigating evidence of his cocaine addiction provides no justification for his initial act in violation of the law.

---

1. Respondent admits to abusing alcohol when he took the bench, but denies cocaine use at that time.

**{¶ 14}** In addition, although the law did not require the respondent to resign from office upon his arrest, and he retained a presumption of innocence, respondent knew he was using illegal substances. He had a moral obligation to resign from his position. Yet he continued to draw his judicial salary, funded by taxpayer monies, from August 3, 1995 until March 4, 1996. This created an appearance of impropriety and seriously damaged the public image of the judiciary. Respondent's actions certainly speak to his failure to accept responsibility for his conduct and to his lack of character.

**{¶ 15}** In order to restore public trust in the integrity and moral conduct of the judiciary, this case merits serious treatment. Therefore, disbarment is the most appropriate response for such egregious conduct.

_____