[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 38.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* BOGART.

[Cite as *Cuyahoga Cty. Bar Assn. v. Bogart*, 1999-Ohio-347.]

*Attorneys at law—Misconduct—Eighteen-month suspension with sanction stayed on conditions—Appearing in municipal court representing clients after consuming alcoholic beverages.*

(No. 99-388—Submitted April 14, 1999—Decided June 23, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-15.

_____

{¶ 1} On March 13, 1998, relator, Cuyahoga County Bar Association, filed a complaint charging respondent, Bruce P. Bogart of Cleveland, Ohio, Attorney Registration No. 0023377, with violating a Disciplinary Rule. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the parties' stipulations, exhibits, and testimony, the panel found that on several occasions before October 14, 1997, respondent represented clients in Bedford Municipal Court after he had consumed alcoholic beverages. On October 14, respondent again appeared in the municipal court after consuming alcoholic beverages. The alcohol impaired respondent's ability to represent his client, and respondent was not wearing a suit coat or tie that day. Judge Peter Junkin questioned respondent about his appearance and the odor of alcohol on his person, and when respondent declined to take a breathalyzer test, Judge Junkin did not permit respondent to proceed. Judge Junkin continued the matter and instructed respondent to contact relator and enroll in its alcohol treatment program. Respondent agreed, but failed to contact relator or enter relator's alcohol treatment program. Respondent admitted that he has had an ongoing alcohol problem since

1990, that he has experienced withdrawal symptoms and blackouts, and that he regularly drank alcohol in the morning "to take the edge off."

**{¶ 3}** The panel concluded that respondent's conduct violated DR 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

**{¶ 4}** In mitigation, the panel determined that respondent was sincerely remorseful about his conduct and that he admitted a significant alcohol and dependency problem. Respondent claimed that he had "bottomed out," that he had stopped drinking, and that he regularly attended Alcoholics Anonymous meetings. But respondent ultimately conceded on cross-examination that he had not attended alcohol treatment programs regularly and that he had not read a book provided by Alcoholics Anonymous.

**{¶ 5}** The panel recommended that respondent receive an eighteen-month suspension from the practice of law in Ohio, with the suspension stayed on the following conditions: (1) respondent undergo psychiatric or psychological evaluation and treatment for depression; (2) respondent enter into an Ohio Lawyers Assistance Program ("OLAP") contract and successfully complete the terms of that agreement; (3) respondent be placed on probation for eighteen months, with a monitor assigned to report to relator on his status; and (4) respondent become current on all continuing legal education requirements, immediately report any disciplinary actions to the monitor, and remain in good standing with the Supreme Court of Ohio. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

––––––––––––––––––

*Charles Scott Rawlings, Jon F. Deegan* and *Earl Williams, Jr.*, for relator.

*Bruce P. Bogart, pro se*.

––––––––––––––––––

***Per Curiam.***

**{¶ 6}** We adopt the findings, conclusions, and recommendation of the board.  A stayed suspension with the conditions recommended by the board is an appropriate sanction for respondent's misconduct and will assure that he receives the assistance necessary to treat his alcohol addiction and related dependency problems.  See, *e.g., Disciplinary Counsel v. Maxwell* (1998), 83 Ohio St.3d 7, 697 N.E.2d 597, and *Cincinnati Bar Assn. v. Baas* (1997), 79 Ohio St.3d 293, 681 N.E.2d 421, where we imposed similar sanctions for misconduct that included violations of DR 1-102(A)(6) and evidence of alcohol abuse.  Accordingly, respondent is hereby suspended from the practice of law in Ohio for eighteen months, with the entire suspension stayed and respondent placed on probation under the conditions established by the board.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____